Samuel Presser, on Behalf of Himself and All Other Contestants in the Independence Puzzle Contest Similarly Situated, Respondent, v. Keith S. Sutton et al., Appellants.

First Department, February 15, 1955.

*Irving L. Young* of counsel (*Alfred M. Schaffer* and *Keith S. Sutton* with him on the brief; *Uterhart & Schaffer,* attorneys), for Keith S. Sutton and another, appellants; (*Hildreth & Van Nostrand,* attorneys), for Bank of Amityville, appellant; (*Keith S. Sutton,* attorney), for Carlton B. Pearsall, appellant.

*Samuel Jaffe* of counsel (*Samuel Presser* with him on the brief; *Samuel Jaffe,* attorney), for respondent.

*Per Curiam.* Defendants appeal from the denial of their motion to dismiss the complaint for legal insufficiency or, in the alternative, to require plaintiff to state and number its alleged causes of action. The complaint alleges that plaintiff participated in a puzzle contest, the rules and regulations of which were violated by defendants in the submission and handling of " tie-breakers ", as a result of which plaintiff was deprived of an opportunity to win the contest and become entitled to any of the cash awards, the highest of which was $52,000. After alleging that he has no adequate remedy at law, plaintiff seeks, on behalf of himself and other persons similarly situated, a declaratory judgment that the tie-breaker puzzles were invalid, that the award of the first prize was improper and that the payment of the prize money was invalid. Also sought is the appointment of a receiver, marshaling of the assets of the corporate defendant and the rerunning of the contest.

The puzzle contest involved in this case is one of those highly commercialized enterprises in which thousands of persons enter and become entitled to participate in the breaking of a tie resulting from the " successful " solution of the very simple problems that are initially posed. These contests, as evidenced from the complaint, fall barely short of violation of the anti-lottery and anti-gambling statutes. In the process, it is alleged in the com-

plaint, the promoters further exploited their scheme by the high-pressure sale of puzzle aids while the contest was pending. None of this suggests, however, that a court of equity should intervene and under its supervision, directly or indirectly, operate such contests, or provide for a rerunning of them, because of some alleged irregularity in the original contest. No worthwhile social or economic interest is to be protected. Plaintiff and those similarly situated have no call upon this court to provide extraordinary remedies for the protection of any interest suggested by this pleading. Plaintiff has a remedy at law, namely, damages for breach of contract. The fact that such damages may be of a virtually nominal character in the circumstances of this case, does not require or suggest the intervention of a court of equity. The order denying the motion to dismiss the complaint should be reversed and the motion to dismiss the complaint granted, without costs in the action.

PECK, P. J., COHN, BREITEL and BASTOW, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements of the appeal to appellants, and motion to dismiss complaint granted in accordance with the opinion herein. [See post, p. 942.]